## Western Savings Fund Society
## v. Johnson

*Townsend, Elliott & Munson,* for plaintiff.
*August J. Lacko,* for defendant.

TAKIFF, *J.,* December 22, 1975—Petitioner is the executrix of the estate of Chester Johnson, who died on May 26, 1972. The allegations of the petition are as follows:

During his lifetime, the husband-decedent owned premises 1960 Medary Avenue, Philadelphia, subject to mortgage issued by respondent and he faithfully made all mortgage payments. The mortgage was foreclosed on September 29, 1972. The widow had no actual notice of this, and notwithstanding the fact that the mortgagee was aware of the fact of decedent's death and that the estate was represented by Lynwood F. Blount, Esq.,

no actual notice of either default or foreclosure was given to the estate or to its attorney. Subsequent to foreclosure, title to the premises was assigned to HUD. The petition further avers that notwithstanding repeated demands, the mortgagee has refused to open the judgment.

Taking all facts stated in the petition as true, petitioner has not stated grounds upon which the relief requested may be granted.

I. *Service of the complaint in mortgage foreclosure was properly made.*

Pa.R.C.P. 1144(a) requires that a complaint in mortgage foreclosure name as defendants (1) the mortgagor; (2) personal representative, heir or devisee of a deceased mortgagor, if known; and (3) the real owner of the property, or, if he is unknown, the grantee in the last recorded deed. The complaint here named as defendants the mortgagors, Chester and Alberta Johnson. These were the proper defendants, even though Chester Johnson was deceased and the whereabouts of Alberta Johnson were unknown; since the judgment would be in terris rather than in personam it is immaterial whether the mortgagor has died or his whereabouts are unknown. The personal representative need only be named "if known," and there is no duty to ascertain whether there were any personal representatives, heirs or devisees: 3A Anderson Pa. Civ. Prac. §1144.3. The petition alleges only that respondent was aware of the fact that an estate had been created; it does not allege that plaintiff knew the identity of the personal representative. An estate of a deceased mortgagor is not a proper party-defendant. Finally, upon decedent's death, Alberta Johnson became the real owner of the property. Thus, Rule 1144(a) was properly complied with.

Service of the complaint was proper under Rule 1145. Rule 1145(c) provides that if personal service cannot be made upon a defendant "and the plaintiff sets forth in his complaint or files an affidavit that a defendant is deceased or his whereabouts unknown, . . . the sheriff shall forthwith (1) make service on that defendant by posting a copy of the complaint on the most public part of the land and (2) send him, if not known to be deceased, a copy of the complaint by registered mail to his last known address." Alberta Johnson's whereabouts were unknown (it appears that she presently resides in Alabama), and defendant does not allege, and apparently could not allege, that plaintiff failed to effect proper service in conformity with Rule 1145. The petition merely states that no actual notice was given to the estate or its attorney and that no actual or personal notice was given to Alberta Johnson. Under the circumstances, neither form of notice was required.

II. *The petition does not set forth a meritorious defense.*

The petition, in paragraph 10, merely "avers that there is a valid defense to said action." There is no exposition as to the nature of that defense, nor is there any denial that the mortgage was in default after decedent's death, which default gave respondent the legal right to foreclose. A letter of June 6, 1972, attached to respondent's answer, by which petitioner through her attorney informed respondent of the creation of the estate and its representation by that attorney, evidences the fact that both petitioner and her attorney were aware of the existence of the mortgage for at least three months preceding the foreclosure.

III. *The petition is not timely.*

Paragraph 10 of the petition baldly asserts that "petitioner, upon discovery of these facts, has filed timely . . ." The only indication as to the course of events since the foreclosure on September 29, 1972, is the allegation of paragraph 7, denied by respondents:

"7. Notwithstanding repeated demands upon the mortgagor to open the judgment, they have continued in their refusal to do so."

There is no other averment of when or how petitioner learned of the default judgment or when any action was taken to cure default or open judgment. The present petition was filed on November 20, 1975. This represents extraordinary delay. In the absence of a reasonable explanation, the exercise of equitable discretion requires that the petition be dismissed.

### ORDER

And now, December 22, 1975, it is hereby ordered and decreed that petitioner's petition to open default judgment on mortgage be dismissed as to respondent with prejudice.